# IN THE COURT OF APPEALS OF IOWA

No. 15-1864
Filed February 10, 2016

**IN THE INTEREST OF H.W. and T.W.,**
**Minor Children,**

**T.W., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A father appeals the juvenile court's order terminating his parental rights.

**AFFIRMED.**

Colin R. McCormack of Van Cleaf & McCormack Law Firm, L.L.P., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Michelle R. Becker of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

A father appeals the juvenile court's order terminating his parental rights to his two children: H.W., born in February 2008, and T.W., born in November 2005.[1] The father argues termination is not in the children's best interests because he shares a substantial bond with his children. Upon our de novo review of the record, we affirm.

In January 2013, the children were removed from their father's care and custody due to the father's methamphetamine use.[2] In February 2013, the juvenile court adjudicated H.W. and T.W. as children in need of assistance (CINA).

The father has been in and out of prison throughout the life of this case. After the children were removed from his home in early 2013, the father was arrested for possession of methamphetamine. He completed substance abuse treatment for marijuana, methamphetamine, and alcohol. Not long after he was released from the treatment program, the father was again arrested. He pleaded guilty in November 2013 and was sentenced to serve seven years in prison. In November 2014, the father was released from prison and began cooperating with services for this case.

At the April 2015 permanency-review hearing, the father told the court that he was doing well but neglected to report he had an outstanding bench warrant

---

[1] The juvenile court also terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2015). She does not appeal.

[2] The children were placed in the care of their mother until May 2014. The children were then removed from their mother's care and custody and placed in the care of their paternal aunt until July 2015. At the time of the termination hearing, the mother was incarcerated, and the children were in the care of their maternal great aunt and uncle.

for his arrest. Based on the father's self-report of his progress and evidence presented by the Iowa Department of Human Services (DHS) that the father was engaging in services and community resources, the juvenile court concluded the children should be returned to the father's care and custody the following month—exactly one year after the children had been removed from the mother's care and custody. A few weeks later, however, the father was arrested for a violation of parole, operating while intoxicated third offense, and driving while barred-habitual offender. In July 2015, the father was sentenced to serve five years in prison. He has a tentative release date of July 2017.

In September 2015, the State filed a termination-of-parental-rights petition. In October 2015, the juvenile court held a hearing on the petition and subsequently terminated the father's parental rights to his two children pursuant to Iowa Code section 232.116(1)(f).[3]

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but we are not bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Our primary consideration is the best interests of the children. *See id.* at 776.

On appeal, the father does not challenge the statutory grounds for termination, and we do not address the issue any further. *See In re P.L.*, 778

---

[3] Under Iowa Code section 232.116(1)(f), the court may terminate parental rights if the court finds the State has proved by clear and convincing evidence the child (1) is four years old or older; (2) has been adjudicated CINA; (3) has been removed from the parent's physical custody "for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days"; and (4) cannot be returned to the parent's custody at the time of the termination hearing.

N.W.2d 33, 40 (Iowa 2010). Instead, the father claims termination of his parental rights was not in the children's best interests under Iowa Code section 232.116(3)(c)[4] because he shares a substantial bond with his children.

Under Iowa law, a court need not terminate parental rights if it finds any of the statutory exceptions under section 232.116(3) apply. *In re P.L.*, 778 N.W.2d at 39. "'The factors weighing against termination in section 232.116(3) are permissive, not mandatory,' and the court may use its discretion, 'based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship.'" *In re A.M.*, 843 N.W.2d at 113 (quoting *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011)).

We do not find that the bond between the father and his children weighs against termination of the father's parental rights here. Our review of the record before us reveals the children want contact with their father and worry about his safety. However, they are also afraid of him and concerned about returning to his care to only later be removed again. The father has a lengthy history of substance abuse and criminal activity. The children are doing well in their great aunt and uncle's home, and the aunt and uncle wish to adopt them. Both children have stated they enjoy living with their aunt and uncle. Termination and adoption will provide these two young children with the permanency and stability they deserve. We cannot ask these children to continuously wait for their father to become a stable parent. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010); *see*

---

[4] Iowa Code section 232.116(3)(c) provides the court need not terminate parental rights if it determines that "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

*also In re A.B.*, 815 N.W.2d at 777 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d at 41)). "[A]t some point, the rights and needs of the children rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

Thus, upon our de novo review, we conclude no permissible factors weighing against termination exist and termination of the father's parental rights is in the children's best interests. We affirm the juvenile court's order.

**AFFIRMED.**